| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Y. Lo, Esq.    BAR #101702<br>Law Offices of Michael Y. Lo<br>506 N. Garfield Ave, Suite 280<br>Alhambra, CA 91802<br>Tel: 626.289.8838<br>Fax: 626.380.3333<br>Email: bklolaw@gmail.com<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without attorney* | **FILED & ENTERED**<br>**MAY 06 2013**<br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** moser    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>Sandra Tseng<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:13-bk-14571-MJ<br>CHAPTER: 13<br><br>**ORDER ON MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: 5/6/2013<br>TIME: 1:30 PM<br>COURTROOM: 301<br>PLACE: United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501-3819 |

**NAME OF CREDITOR HOLDING JUNIOR LIEN:** HSBC Bank

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property ("Subject Property"), which is the principal residence of debtor(s):

   *Street Address:*         14127 Tiger Lily Ct.
   *Unit Number:*            N/A
   *City, State, Zip Code:*  Corona, CA 92880

   Legal description or document recording number (including county of recording):

   LOT NO 54 OF TRACT NO. 28687, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

☐ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. _HSBC Bank USA_  in the amount of $_382,746.23_.

   b. _HSBC Bank USA_ in the amount of $ _171,634.30_ ☒ is  ☐ is not   to be avoided;

   c. _Discover Bank_  in the amount of $ _15,880.72_ ☐ is ☒ is not   to be avoided;

   ☐ See attached page for any additional encumbrance(s).

4. The motion is:

   a. ☐ DENIED    ☐ with  ☐ without   prejudice, on the following grounds:

      1. ☐ Based upon the findings and conclusions made on the record at the hearing
      2. ☐ Unexcused non-appearance by Movant
      3. ☐ Lack of proper service
      4. ☐ Lack of evidence supporting motion
      5. ☐ Other (specify):

   b. ☒ GRANTED on the following terms:

      i. The Subject Property is valued at no more than $ _325,000.00_ based on adequate evidence.

      ii. This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge in this case.

      iii. Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

      iv. The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

      v. The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.  The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.

      vi. The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

      vii. The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_February 2013_                            Page 2                            **F 4003-2.4.ORDER**

    viii.   In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

    ix.   ☐ See attached continuation page for additional provisions.

###

Date: May 6, 2013

Meredith A. Jury
United States Bankruptcy Judge

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*　　　　　　　　　　　　　　　　　　　　Page 3　　　　　　　　　　　　　　　　　　　　**F 4003-2.4.ORDER**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER ON MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]** was entered on the date indicated as ⌐Entered@ on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) ___5/3/2013_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Rod Danielson, Chapter 13 Trustee
Notice-efile@rodan13.com

United States Trustee
Ustpregion16.rs.ecf@usdoj.gov

Michael Y. Lo, Attorney for Debtor
michaellolaw@yahoo.com, bklolaw@gmail.com

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

☒ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ⌐Entered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an ⌐Entered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013                                             Page 4                                      **F 4003-2.4.ORDER**

Stuart Gulliver, CEO
HSBC Bank USA, N.A.
PO Box 2013
Buffalo, NY 14240

HSBC Bank USA, N.A.
1800 Tysons Blvd.
McLean, VA 22102

HSBC Bank USA, N.A.
c/o CT Corporation System
818 W Seventh  St.
Los Angeles, CA 90017

David Nelms, CEO
Discover Bank
502 E. Market Street
Greenwood, DE 19950

Discover Bank
c/o Darlen Slusher, Bankruptcy Specialist
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                                                                         Page 5                                                                         **F 4003-2.4.ORDER**